UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EDWARD KENNETH KELLY, JR.,<br>　　　　　　　　　Defendant. | Criminal No. 06-207M (AK) |

**DETENTION MEMORANDUM**

    The Defendant, Edward Kenneth Kelly, Jr., has been charged by criminal complaint with unlawful, knowing, and intentional possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. § 841(b)(1)(c). The government requested a detention hearing, which was held on May 17, 2006. In addition, U.S. Magistrate Judge William Connelly of the U.S. District Court of the District of Maryland had held a previous detention hearing and found that although Defendant is not a serious flight risk, he would pose a danger to the community if released. At the conclusion of this separate hearing, this Court found independently that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the

detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Special Agent Cheyvorea Gibson, with the FBI, testified for the government. Special Agent Gibson testified that on September 2, 2004 he and other special agents of the FBI and the U.S. Drug Enforcement Administration executed a search warrant at 1526 Potomac Avenue SE, Washington D.C. During execution of the search warrant, Defendant was found in the living room of the one bedroom apartment. In their initial search of the apartment, agents found a loaded Glock 9mm semi-automatic handgun underneath the mattress in the bedroom. After recovering the gun, agents asked Defendant if there was anything else they should know about, to which Defendant responded that there was something in a backpack located in the living room that would be of interest to them. Defendant's comment led agents to search this backpack, from which they recovered 491.7 grams of powdery substance, which later tested positive as Cocaine Hydrochloride, known as Powder Cocaine. This large amount, in addition to the absence of cutting devices or other paraphernalia for ingesting cocaine, indicated to Special Agent Gibson that the substance was intended for distribution and not for individual use. In addition, agents recovered $47,000 in United States currency from various locations inside the apartment and Defendant's Lincoln Navigator vehicle, which was parked in the driveway adjacent to the apartment.

Defendant's girlfriend was present during the execution of the search warrant, and she said that although she was the lessee of the apartment, Defendant had consistently resided there for approximately one year. During the search of the apartment, Special Agent Gibson heard the Defendant telling another agent that he claimed ownership of the gun. Special Agent Gibson also testified that during Defendant's Post-Miranda Interview, Defendant stated that his girlfriend had no

knowledge that the contraband was in the apartment and that he took full responsibility for the gun, the cash, and the cocaine that was found. Having heard the testimony at the May 17, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1).

## **Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the

nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). In this case, the government seeks detention on the grounds that the Defendant would pose a danger to the community if released.

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with possession with intent to distribute a large quantity of crack-cocaine, a dangerous and destructive narcotic.

The second factor, the weight of the evidence, also favors detention. Special Agent Gibson with the FBI testified that 497.1 grams of powdered cocaine was found in a backpack in the apartment where Defendant was residing. Officers found a loaded 9mm handgun underneath the mattress in the bedroom. Officers also recovered $47,000 located in various locations throughout the apartment and in Defendant's vehicle. No razor blades or other paraphernalia for ingesting cocaine were recovered. In his post-Miranda interview, Defendant stated that he took full responsibility for the cocaine, the handgun, and the cash. These facts suggest that the narcotics found in Defendant's possession were intended for resale rather than consumption.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. Defendant has been previously charged and sentenced for the same offense and was on probation when the arrest for the current offense occurred. Defendant's sister and two nieces were present at the hearing, and his sister and brother-in-law offered to put up their house as bond for Defendant's release. However, Defendant has a history of involvement drug-related crime.

The fourth factor, the nature and seriousness of the danger to the community should the

Defendant be released, supports detention, as well. As stated previously, the Defendant is charged with possession with intent to distribute cocaine. Drug trafficking is an offense that tears the very fabric of our community. Defendant's non-compliance with the conditions of his probation indicate that he would pose a danger to the community if released.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that, although there is insufficient evidence to consider the Defendant a serious flight risk, the evidence does clearly and convincingly establish that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The Court also finds that no condition or combination of conditions can be imposed to reasonably assure the safety of the community if Defendant is released. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the government's motion for pretrial detention is granted.

Dated: May 19th, 2006    ___/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE