

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C.  20001*

June 20, 2006

**By Hand Delivery In Court**

**By U.S. Mail**
Jonathan Jeffress, Esquire
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20004
202-208-7500
jonathan_jeffress@fd.org

                Re:     United States v. Edward Kenneth Kelly
                        Case No. 06-153 (RWR)

Dear Counsel:

      I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as a plea offer.

**I.     Charges**

      Your client is currently charged with the following offenses:  Unlawful Possession with Intent to Distribute Cocaine (497 grams),  in violation of 21 U.S.C. § 841(a)(1) and (b)(1)( c);Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. §§ 924(c)(1); and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

      If your client agrees to plead guilty to Unlawful Possession with Intent to Distribute Cocaine (497 grams), and Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. §§ 924(c)(1), and agrees not to contest the administrative forfeiture of the U.S. currency recovered from the execution of the search warrant in this case, the government will agree to:

      1.     dismiss the remaining charges at the time of sentencing;
      2.     both parties mutually reserve the right to allocate as to whether your client should be incarcerated pending sentencing;

3. waive any applicable enhancement papers that might apply;
4. agree to recommend to the court a three level downward adjustment for acceptance of responsibility; and
5. reserve its right to allocute at the time of sentencing, but will agree not to oppose sentencing at the low end of the sentencing guideline range. The government nonetheless retains its full right to allocute and request any legal sentence following any probation or supervised release revocation proceeding.

This plea offer will expire after June 26, 2006. The government reserves the right to withdraw this plea offer at any time prior to acceptance. Please be advised that subsequent plea offers will be less favorable to your client.

II.  Discovery

   A.  Documents

   Copies of the following documents are enclosed with this letter:

- Indictment (2 pages)
- PD-163
- FBI Report FD-302 from SA Chey Gibson (5 pages)
- Defendant's Advice of Rights form (1 page)
- FBI Report FD-302 by SA Carlton Peeples (1 page)
- Photo logs from SA Turner (4 pages)
- Property Report by SA Peeples (3 pages)
- Search Warrant for 1526 Potomac Ave, SE (1 page)
- Search Warrant for Lincoln Navigator (1 page)
- Affidavit in Support of Search Warrants (12 pages)
- DEA7 and analysis (2 pages)
- Colored copies of photographs from search (43 pages)
- Copies of photographs of evidence (3 pages)
- Bank of America statement (1 page)
- Enterprise Rental agreement (2 pages)
- Criminal history (3 pages)
- Copy of certified conviction and jacket entry from 1989 (8 pages)
- Copy of certified conviction and jacket entry from 1995 (32 pages)
- Copy of FBI Report re: latent prints by Lynda Strong, dated May 2, 2006 (2 pages)
- Copy of FBI Report re: latent prints by Lynda Strong, dated Feb. 13, 2006 (2 pages)
- Summary of experience for Drug Expert Vince Lisi (1 page)
- Valuation chart (1 page)
- Firearms Trace (1 page)
- DMV report for defendant's vehicle (12 pages)
- Audio recordings of the defendant's telephone conversations (1 CD Rom)
- April 28th Affidavit in Support of Application to Intercept Wire Communications,

number (301) 343-2009, 04-MC-195  (57 pages)
- April 28th Application for an Order Authorizing the Interception of Wire Communications, number (301) 343-2009, 04-MC-195 (13 pages)
- April 28th Electronic Communications Service Provider Order, number (301) 343-2009 (4 pages)
- April 28th 2004 Order Authorizing Interception of Wire Communications, number (301) 343-2009, 04-mc-195 (7 pages)
- May 7th Court Report Number One, number (301) 343-2009, 04-mc-195 (7 pages)
- May 18th Court Report Number One, number (301) 343-2009, 04-mc-195 (6 pages)
- May 27th Affidavit in Support of Application for Extension of Authority for Wire Interceptions, number (301) 343-2009 (35 pages)
- May 27th Application for an Order Authorizing the Continued Interception of Wire Communications, number (301) 343-2009 (14 pages)
- May 27th Electronic Communications Service Provider Order, number (301) 343-2009 (4 pages)
- May 27th Order Authorizing Interception of Wire Communications, number (301) 343-2009, 04-mc-195 (7 pages)
- June 7th Court Report Number Three, number (301) 343-2009, 04-mc-195 (5 pages)
- June 16th Court Report Number Three, number (301) 343-2009, 04-mc-195 (5 pages)
- June 28th Sealing Order, number (301) 343-2009, 04-mc-195 (2 pages)
- Affidavit in support of interception of wire communication, number 202-345-6849, 04-mc-195 (45 pages)
- Application for an Order Authorizing the Interception of Wire Communications, number 202-345-6849, 04-mc-195 (15 pages)
- June 28th Electronic Communications Service Provider Order, number 202-345-6849, 04-mc-195 (4 pages)
- June 28th Order Authorizing Interception of Wire Communications, number 202-345-6849, 04-mc-195 (7 pages)
- July 8th Court Report Number One, number 202-345-6849, 04-mc-195 (6 pages)
- July 19th Court Report Number Two, number 202-345-6849, 04-mc-195 (9 pages)
- July 29th Affidavit in Support of Application for Extension of Authority for Wire Interceptions, number 202-345-6849, 04-mc-195 (42 pages)
- July 29th Electronic Communications Service Provider Order, number 202-345-6849, 04-mc-195 (4 pages)
- July 29th Order Authorizing Interception of Wire Communications, number 202-345-6849, 04-mc-195 (7 pages)
- August 12th Court Report Number Three, number 202-345-6849, 04-mc-195 (7 pages)
- August 18th Court Report Number Four, number 202-345-6849, 04-mc-195 (6 pages)
- August 27th Sealing Order, number 202-345-6849, 04-mc-195 (2 pages)

B.   **Evidence**

1.   **Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Gun and ammunition
- drugs and packaging as indicated in the attached paperwork and completed laboratory analysis
- backpack
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred
- Recordings of Defendant's telephone conversations

2.   **Radio Run Information**

__X__   The government believes there are no recorded communications by law enforcement relevant to this case.

_____   The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the Jencks Act. Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

3.   **Identification Evidence**

The government is not aware of any identification procedure used in this case.

4.   **Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact FBI SA Chey Gibson, (202) 278-2189, who will make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

5.   **Reports of Examinations or Tests and Experts**

Enclosed is the DEA analysis of the narcotics seized in this case. At trial, the government will call Steven Demchuck to testify consistent with his report. **Should you not be willing to stipulate to the results of the DEA analysis, please let me know as soon as possible (in writing) so that there will be no trial delay**; I will then have to make arrangements for the chemist to testify.

The government intends to call FBI Agent Vincent Lisi as a narcotics expert at trial. The expert may testify -- by providing information or by rendering an opinion -- concerning the following:

(a) the procedures used by the Metropolitan Police Department for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases.

(b) the quantitative and qualitative analysis of the narcotics evidence by the DEA and the strength of the substance.

(c) the methods of using and purchasing narcotics in the District of Columbia, including but not limited to: the reasons for such methods; the cost (price) of narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials, cutting agents, scales, and paraphernalia for using drugs; the use of stashes, and methods used to avoid detection of narcotics.

(d) the methods for processing, packaging, selling, transferring and trafficking narcotics in the District of Columbia, including but not limited to the roles of different participants in drug trafficking schemes.

(e) that beepers, pagers, cellular phones, automobiles, stashes, stash houses, safe houses, crack houses, weapons, open air drug markets, couriers, ledgers, safes, and false identities are commonly used in the sale, transfer, processing and trafficking of narcotics in the District of Columbia and elsewhere.

(f) that possession of narcotics for use can be distinguished from possession of narcotics with intent to distribute, and that, for a variety of reasons, possession of numerous individually packaged narcotics, or possession of fewer packages but accompanied by other indicia of sale, is generally more consistent with an intent to distribute than with mere possession for personal use.

The expert will base his/her opinions on the foregoing on his/her years of training and experience in the area of drug investigations. A summary of the expert's qualifications has been enclosed.

In addition, please be advised that the government may call FBI Agent Lynda Strong as a fingerprint expert to testify at trial regarding the recovery of latent prints. The expert may testify

about the following subjects: the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the difficulties in recovering prints from surfaces such as plastic or guns.

### C. RULE 404(b) EVIDENCE (known at this time)

The government may seek to admit evidence pursuant to FRE 404(b). In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

### D. Defendant's Rule 16 Statements

Please see the attached FBI Report FD-302 by SA Chey Gibson concerning your client's statements to law enforcement. If the government becomes aware of additional statements made by the defendant you will be notified in writing.

### E. Criminal Record

Enclosed is a three page printout of your client's criminal record. Please refer to the Pretrial Services Report that you received at arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions.

### F. Government's Discovery Requests

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a Jencks request for all prior statements of any defense witness (excluding the defendant);

- a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G. Alibi Demand

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. Pursuant to Rule 12.1, in the event you intend to

offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

      H.      **Other Information (Brady / Lewis / Giglio)**

The government is unaware of any Brady or Giglio information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

### III. Contact Information

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

    Perham Gorji
    Office of the United States Attorney
    Federal Major Crimes Section
    Room 4233
    555 Fourth Street, N.W.
    Washington, D.C. 20530

| | |
|---|---|
| Office: | 202-353-8822 |
| Fax: | 202-616-3782 |
| E-mail: | perham.gorji@usdoj.gov |

If you file any pleading in this case, please note that our zip code has changed recently to 20530. Also, please fax any pleadings or correspondence so that we may be assured receipt of the document.

                Sincerely,

                KENNETH L. WAINSTEIN
                United States Attorney

        By:
                PERHAM GORJI
                Assistant United States Attorney

cc: District Court Case File (without attachments)