UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-153 (RWR) |
| | : | |
| **EDWARD KENNETH KELLY, JR.** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct, all of which is relevant to prove defendant's intent, knowledge, motive, plan, preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") . In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**Factual Summary**

1.      The defendant has been charged in a three-count indictment with Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c); Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. §§ 924(c)(1); and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

2.      At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows:  On September 2, 2004, pursuant to a

search warrant obtained by Special Agent Cheyvoryea Gibson of the Federal Bureau of Investigation ("FBI"), and issued by United States Magistrate Judge John Facciola for the District Court of the District of Columbia, a search was conducted at the basement unit of 1526 Potomac Avenue, S.E., Washington, D.C., and on the defendant's Lincoln Navigator, which was parked outside the residence. Special Agent Carlton Peeples conducted the knock and announce on the basement door at 1526 Potomac Avenue, S.E. After about a minute, the agents repeated "FBI, search warrant," again, and the door was broken through at 6:37 a.m. Present in the one-bedroom apartment were the defendant and his girlfriend, Lenia Cash. Agent Gibson located a backpack in the living room, which contained two plastic bags that contained a total of 497 grams of cocaine hydrochloride. Under the mattress in the bedroom, agents found a Glock 9mm handgun. The gun was loaded with 9 mm ammunition. Agents recovered over $46,500 in U.S. currency from inside the apartment, as well as numerous photographs of the defendant and additional documents addressed or belonging to him.

      Before advising the defendant of his Miranda rights, Special Agent Thomas Hickey asked the defendant if there was anything in the apartment. The defendant did not answer immediately, but moments later informed the agents there was "coke" in the backpack. The defendant later made a statement to another agent that there was a loaded gun in the bedroom. At the FBI Office, at approximately 9 a.m., the defendant was advised of and waived his rights. The defendant stated he took full responsibility for what the agents found in the apartment and that Ms. Cash was not aware of the drugs. He stated he had been consistently residing at 1526 Potomac Avenue, with Ms. Cash, for the past year. According to Ms. Cash, only she and the defendant had been living or staying at the apartment.

Case 1:06-cr-00153-RWR    Document 10    Filed 06/23/2006    Page 3 of 13

Approximately two months prior to the search of the apartment, FBI Agents obtained a warrant to tap the defendant's cellphone (202) 345-6849, which is in the name of Lenia Cash, but belongs to the defendant. On July 4, 2004, the defendant made an outgoing call to (202) 345-4416, another phone registered to Lenia Cash, which she used personally. During the conversation, the defendant told Ms. Cash he wants his gun. On July 9, 2004, the defendant received a call from his friend Carl Lucas, who joked that the he was going to send his dog after the defendant. The defendant joked in response that he was not afraid of the dog because he (the defendant) would let his 9 mm out on the dog.

## Argument

3.  The government seeks to introduce evidence of the defendant's previous drug distribution convictions pursuant to Rule 404(b). In addition, the government seeks to introduce the defendant's recorded telephone conversation from July 2004, two months before the execution of the search warrant, in which the defendant makes statements suggesting that he was in possession of a gun at that time.

4.  Regarding the defendant's prior misconduct and convictions, the government intends to introduce evidence of the underlying facts and circumstances related to the following convictions:

   a.  On September 20, 1989, Kelly was convicted of Distribution of a Controlled Dangerous Substance (cocaine) in Prince George's County, Maryland and sentenced to 6 months incarceration, in Case No. CT881365X.

   b.  On May 24, 1995, Kelly was convicted of Distribution and Importation of Controlled Dangerous Substances and sentenced to 20 years on each count,

respectively. This conviction was also in Prince George's County, Maryland, Case No. CT941969A.

  c.  Defendant's phone conversation on July 4, 2004, with Lenia Cash, stating that he wants his gun.

  d.  Defendant's phone conversation on July 9, 2004, with Carl Lucas, in which the defendant discusses the defendant's 9 mm gun.

  5.  Under Rule 404(b), the aforementioned prior drug distribution offenses and phone conversations acknowledging his prior possession of a gun provide proof in this case that the defendant's possession of the cocaine on September 2, 2004, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[1] They also provide proof of motive, intent, plan and preparation to distribute the narcotics found in the apartment, and the knowledge and planning required in the usage and possession of a firearm, since it is reasonable to presume that one engaged in the endeavor of the distribution of narcotics, be it for profit or otherwise, would want to protect his valuable contraband as well as himself from competing drug suppliers, and therefore would require knowledge of how to procure and handle a firearm. These prior offenses demonstrate that this defendant possessed such expertise, and planned accordingly.

  6.  Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie,

---

[1] The Government will provide discovery to defense counsel regarding the aforementioned convictions.

232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

7.      Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

8.      As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was

not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

9. In the instant case, the government must prove that the defendant knowingly and intentionally possessed the narcotics, the gun and the ammunition that were ultimately recovered from his vehicle. Furthermore, with respect to the controlled substance charges, the government must show that the defendant knowingly possessed the drugs in this case, i.e. that he "did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." See Criminal Jury Instructions (the "Red Book"), Instruction 4.28. The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession." Red Book, Instruction 3.08. The jury will further be instructed that the government must prove the defendant's specific state of mind with respect to these drugs, that is, that he intended to possess them. Red Book, Instruction 4.28. The jury will further be instructed that the government must prove that when the defendant possessed the controlled substance, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. Red Book, Instruction 4.29. Therefore, the government's burden of proving intentional possession, intent to distribute, and lack of mistake

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

or accident, is substantial.  Each of these elements is directly addressed by the proffered evidence.

10. "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, <u>especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct</u>." <u>United States v. Clarke</u>, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing <u>Huddleston</u>, 485 U.S. at 685) (emphasis added in <u>Clarke</u>).  Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e. prior possession to prove knowledge, intent, and absence of mistake regarding current possession is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past.  For example, in <u>Crowder</u>, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive.  The Court in <u>Crowder</u> stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession.  <u>See</u> Fed.R.Evid. 401, advisory committee notes.

<u>Id.</u> at 1209 n. 5.  The government seeks to do nothing more in the instant case – <u>i.e.</u>, to show the defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to the drugs and gun he possessed.  <u>Id.</u>

11. All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs, gun, and ammunition in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the

drugs, gun, and ammunition were not the result of mistake or accident. The significant probative value of the evidence here is clearly <u>not</u> outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

12.   Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of firearms and drugs is admissible as 404(b) evidence. <u>See</u> <u>United States v. Cassell</u>, 292 F.3d 788, 792 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room"). As the Court of Appeals noted in <u>Cassell</u>, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." <u>Id</u>. at 793 (citation omitted).

13.   In <u>United States v. Brown</u>, 16 F.3d 423, 424-26 (D.C. Cir. 1994), the defendant had been charged with multiple drug and firearms offenses. The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown. <u>Id</u>. at 423-26. When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment. <u>Id</u>. at 424.

14.   In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 404(b) in a trial of the original charges

for the items in the safe. Id. at 429, 430-32. Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. As the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432. While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432. See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.), cert. denied, 522 U.S. 940 (1997) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack); See also Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992), cert. denied, 507 U.S. 922 (1993) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show

intent, preparation, plan and knowledge); United States v. (Michael) Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

15.     Several decisions from other circuits have similarly held that possession of narcotics and/or firearms on one occasion is probative of possession on an earlier or later occasion.  See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun).

16. Recently, the D.C. Circuit held that the Government may not introduce evidence of a prior gun possession to prove that the accused <u>actually</u> possessed a gun at a later point in time. See <u>United States v. Harold Linares</u>, 367 F.3d 941 (D.C. Cir. 2004). In <u>Linares</u>, the court held that evidence of prior possession of a handgun was not admissible pursuant to Rule 404(b) to show knowledge in a prosecution pursuant to 18 U.S.C. § 922(g)(1), where the defendant was alleged to have had actual possession of the gun. The court reasoned that in light of the Government's other evidence presented at trial, a reasonable juror could have found that the defendant possessed the firearm only by concluding that he held it in his hand. However, under the facts of the instant case the Government will be proceeding using a theory of constructive possession as to the gun and cocaine. Accordingly, <u>Linares</u> does not control the Rule 404(b) inquiry.

17. In <u>United States v. Garner</u>, 396 F.3d 438, 443 (D.C. Cir. 2005) (citing <u>United States v. Jenkins</u>, 981 F.2d 1283 (D.C. Cir. 1991)), the Court of Appeals reiterated that the admission of Rule 404(b) evidence is appropriate where the charged offense is based on a theory of constructive possession, particularly, as in this case, "where the contraband is discovered in a place occupied by more than one person." In <u>Garner</u>, the officers stopped a vehicle occupied by two individuals. Among other charges, Garner was charged as a felon-in-possession. Proceeding with the theory that a jury could have concluded that Garner constructively possessed the gun recovered under his seat, the Court of Appeals upheld the introduction of evidence concerning Garner's prior conviction for carrying a pistol without a license. The Court reasoned, "where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with

regard to the crimed charge." Garner, 396 F.3d at 434 (citing United States v. Cassell, 292 F.3d 788, 793 (D.C. Cir. 2002).  The Court of Appeals added that testimony about Garner's prior gun possession made it more likely that he was in knowing possession of the loaded gun found beneath his seat, "just as in Crowder II, evidence that the appellant had previously sold cocaine base made it more probable that he knowingly possessed and intended to distribute the cocaine base found in the brown paper bag he discarded while running from police officers." Id., at 444 (citations omitted).

18.   Similarly, in this case, the gun and drugs were found in an apartment occupied by two individuals, neither of whom were in actual, physical possession of the contraband. Evidence of the defendant's prior drug convictions, for distribution related offenses, and of his prior possession of a gun, as demonstrated by his recorded telephone conversations, should be admitted to prove that the defendant's possession was knowing and intentional, as well as to show absence of mistake or accident.  Furthermore, the prior offenses should be admitted to prove that the defendant intended to distribute cocaine recovered during the search.  Here, the proffered evidence of other crimes bears a close relationship to the offenses charged.  The proffered evidence will clearly demonstrate among other things, the defendant's specific intent, motive, knowledge, and the absence of mistake.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451-058

By: _____
Perham Gorji
Assistant United States Attorney
Delaware Bar No. 3737
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4233
Washington, D.C. 20530
(202) 353-8822

## Certificate of Service

I hereby certify that a copy of the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), was served by first class mail upon counsel of record for the defendant, Jonathan Jeffress, Esquire, Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this __23rd__ day of June, 2006.

_____
Assistant United States Attorney