IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Crim. No. 06-153 (RWR) |
| | ) | |
| **EDWARD KENNETH KELLY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT EDWARD K. KELLY'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

Mr. Edward K. Kelly, the defendant, through undersigned counsel, respectfully opposes the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), and moves this Honorable Court to deny the motion.[1]

### BACKGROUND

Mr. Kelly is charged by a three-count indictment with: (1) unlawful possession of a firearm and ammunition by a person convicted of an offense punishable by imprisonment for a term exceeding one year; (2) possession with intent to distribute cocaine; and (3) using, carrying and possessing a firearm during a drug trafficking offense.

At trial, the government seeks to introduce evidence that: (1) on September 20, 1989, Mr. Kelly was convicted of distribution of a controlled dangerous substance (cocaine) in Prince George's County, Maryland, and sentenced to 6 months incarceration;[2] (2) on May 24, 1995, Mr.

---

[1] Counsel apologizes for the belated filing of these pleadings. Counsel did not realize he had not filed Oppositions to the government's 404(b) and 609 motions until the matter was discussed with government counsel last week.

[2] Mr. Kelly's Pretrial Services Report states that the conviction became final on July 5, 1988, over a year prior to the date contained in the Government's 404(b) and 609

Kelly was convicted of distribution and importation of controlled dangerous substances and sentenced to 20 years on each count; (3) on July 4, 2004, defendant told his girlfriend, Lenia Cash, on the telephone that he wants his gun; and (4) on July 9, 2004, defendant joked on the phone with his friend Carl Lucas, stating that he would shoot Mr. Lucas's dog if it attacked him.

## ARGUMENT

**I.   The Evidence Concerning the Prior Convictions Is Inadmissible Evidence of Other Crimes under Federal Rule of Evidence 404(b).**

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)). To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime. See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted. See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

The evidence of the two prior convictions at issue here is not admissible pursuant to Rule 404(b) because the acts–which involve criminal conduct from over ten years earlier--are irrelevant to any material issue in this case other than propensity to commit the offenses charged. Admission of the other crimes to prove character and propensity is precisely what Rule 404(b) forbids.

---

Motions.

In order for the government to admit any of the prior bad acts, it must show that the evidence is being admitted to show that Mr. Kelly's alleged possession of the cocaine in this case was "not the result of inadvertence, mistake, or accident." Gov. Opp. at 4. As the facts of the case clearly indicate, Mr. Kelly's defense is not likely to be that he possessed the gun and drugs inadvertently, mistakenly or accidentally. Cf. United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004). Rather, as in Linares, it will be that Mr. Kelly did not possess them at all. Thus, the only true purpose that admission of evidence that Mr. Kelly has been convicted of drug charges could serve would be to place Mr. Kelly's character in issue and show a propensity to commit crimes. These are the very purposes for which such evidence may not be admitted. See, e.g., Huddleston v. United States, 485 U.S. 681 (l988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. 1989); United States v. Hernandez, 780 F.2d ll3 (D.C. Cir. l986); United States v. Foskey, 636 F.2d 5l7 (1980); United States v. Shelton, 628 F.2d 54 (1980).

**II.     The Court Should Exclude the Evidence of the Prior Convictions and the Evidence Concerning the Telephone Conversations Pursuant to Federal Rule of Evidence 403 Because the Evidence Is More Prejudicial than Probative.**

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

As discussed in the previous section, Mr. Kelly's involvement with drugs over ten years

earlier is only weakly relevant to this case, if at all. Similarly, telephone conversations alluding to a handgun that was allegedly possessed approximately two months prior to the arrest in this case–the only telephone conversations the government seeks to admit–are of extremely marginal relevance. The July 9, 2004 telephone conversation where Mr. Kelly and his friend are joking about shooting Mr. Lucas's dog is not relevant at all.

      The weak or nonexistent probative value of the alleged prior bad acts stands in stark contrast to the severe prejudicial impact introduction of the evidence would have on the jury. Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously broken the law is more likely to break the law on a subsequent occasion – the very inference that Federal Rule of Evidence 404(b) was intended to prevent. There exists a grave danger that jurors in Mr. Kelly's case will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man. Also, with respect to the telephone conversation about the dog, there is obvious prejudice associated with that conversation far outweighs the probative value of the conversation.

## **CONCLUSION**

For the foregoing reasons and any other reasons that may be adduced at a hearing on this matter, the Court should deny the government's request to introduce evidence of other crimes.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress
Counsel for Edward Kenneth Kelly
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500, ex. 134