IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 06-153 (RWR) |
| | ) | |
| EDWARD KENNETH KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EDWARD K. KELLY'S MOTION
TO EXCLUDE USE OF PRIOR CONVICTIONS**

Mr. Edward Kenneth Kelly, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Kelly should he choose to testify at trial.

**BACKGROUND**

Mr. Kelly is charged by a three-count indictment with:  (1) unlawful possession of a firearm and ammunition by a person convicted of an offense punishable by imprisonment for a term exceeding one year; (2) unlawful possession with intent to distribute cocaine; and (3) carrying a firearm while in possession of a drug trafficking offense.

At trial, the government seeks to impeach Mr. Kelly should he testify with the following prior convictions:  (1) on September 20, 1989, Mr. Kelly was convicted of distribution of a controlled dangerous substance (cocaine) in Prince George's County, Maryland, and sentenced to 6 months incarceration;[1] and (2) on May 24, 1995, Mr. Kelly was convicted of distribution and importation of controlled dangerous substances and sentenced to 20 years on each count, to run

---

[1] Mr. Kelly's Pretrial Services Report states that the conviction became final on July 5, 1988, over a year prior to the date contained in the Government's 404(b) and 609 Motions.

concurrently.

## ARGUMENT

Federal Rule of Evidence 609 provides:

> (a) General rule.  For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
> (b) Time limit.  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

The admission of Mr. Kelly's prior convictions would be improper under subsection (a). Under Rule 609(a), prior felony convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused.  Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect.  In this case, the

government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").

     Finally, the Court should consider that one of the charges against Mr. Kelly is possessing a firearm after being convicted of a crime punishable by more than a year incarceration.  Therefore, the jury will already know that Mr. Kelly has a prior conviction and could use this fact to assess his credibility.  Disclosing the nature of Mr. Kelly's prior convictions would only further prejudice Mr. Kelly, without adding any probative value.  There is a significant risk that the jury may infer from the fact of a prior conviction that Mr. Kelly possessed the firearm at issue in this case.  That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

## CONCLUSION

For the foregoing reasons, Mr. Kelly respectfully moves this Honorable Court to exclude the use of the evidence of the prior conviction proffered by the government.

                                        Respectfully submitted,

                                        _____
                                        Jonathan S. Jeffress
                                        <u>Counsel for Edward Kenneth Kelly</u>
                                        625 Indiana Avenue, N.W.
                                        Suite 550
                                        Washington, D.C. 20004
                                        (202) 208-7500