IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 06-153 (RWR) |
| ) | |
| EDWARD KENNETH KELLY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT EDWARD K. KELLY'S
UNOPPOSED MOTION TO CONTINUE TRIAL**

Mr. Edward K. Kelly, the defendant, through undersigned counsel, respectfully submits this motion to continue the October 2, 2006 trial date in this matter. Based on the facts and circumstances set forth below, which counsel respectfully submits establish good cause for a continuance, Mr. Kelly respectfully requests that the Court continue the trial until late October or early November.

**BACKGROUND**

Mr. Kelly is charged by a three-count indictment with: (1) unlawful possession of a firearm and ammunition by a person convicted of an offense punishable by imprisonment for a term exceeding one year; (2) possession with intent to distribute cocaine; and (3) using, carrying and possessing a firearm during a drug trafficking offense. At an August 24 motions hearing, the Court ordered that: (1) the parties submit voir dire and jury instructions today, September 15, 2006 (which the parties will do by the close of business today); and (2) the trial will commence on October 2, 2006. The parties have estimated that the trial will last three days or fewer.

## DISCUSSION

This Motion is brought on two grounds:

***First***, based on the extenuating circumstances set forth below, the parties need more time to explore a possible disposition. As the Court is aware, the plea offer in this case is (defense counsel submits) a non-standard plea offer that would require Mr. Kelly to plead to both the 924(c) count and the PWID cocaine count. Both counsel believe that a plea to the current offer would result in a Guidelines range of 106-117 counts, <u>after</u> acceptance of responsibility.[1] Counsel estimates that the difference between the Guidelines range under the plea offer and the Guidelines range under a straight-up plea to the Indictment in this case is <u>at most</u> 11 months. The current offer therefore does not create a significant incentive for this case to resolve short of trial.

Counsel recently learned that Mr. Kelly has a probation revocation hearing in Maryland scheduled for Friday, September 22, 2006. The probation is from Mr. Kelly's 1994 Maryland conviction. The alleged violations of probation are the same as the charges in the Indictment in this case. Mr. Kelly faces "back-up" time in his Maryland case of up to 30 years. It is undersigned counsel's view that if Mr. Kelly is sentenced on September 22 (which his counsel believes likely), that may affect the likelihood of a plea in this case.

The government understandably does not want to spend substantial resources preparing for an October 2nd trial date if this case is going to plead following Mr. Kelly's September 22,

---

[1] The government has also recently agreed not to oppose credit for the time Mr. Kelly served prior to his federal trial in Greenbelt, where he was acquitted on all counts.

2006 probation revocation date. The parties therefore are requesting more time, so that they can revisit a possible disposition following Mr. Kelly's September 22 probation revocation hearing.

*Second*, defense counsel needs more time to obtain transcripts from Mr. Kelly's Greenbelt trial. During that trial, both sides presented much of the same evidence that will be considered in this trial. Indeed, Mr. Kelly was charged in that trial with the exact same 924(c) violation he is charged with in this case, although the jury did not reach a verdict on that count. Although counsel has obtained some transcripts from that trial as Jencks material, we are still waiting on others, which should arrive shortly. Counsel for Mr. Kelly does not believe he can be effective without having reviewed the relevant trial transcripts from the Greenbelt case.

* * *

As noted above, the government does not oppose a continuance of the trial date in this case until late October or early November. Based on the facts and circumstances set forth above, Mr. Kelly respectfully requests that the trial be continued until that time-frame. Mr. Kelly hereby waives any and all time necessary under the Speedy Trial Act for the purposes of the continuance requested in this Motion.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress
Counsel for Edward Kenneth Kelly
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500, ex. 134