UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 06-153 (RWR) |
| ) | |
| EDWARD KELLY, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT EDWARD KELLY'S SUBMISSION
IN CONNECTION WITH NOVEMBER 2, 2006 PLEA HEARING

Mr. Edward Kelly, the defendant, through undersigned counsel, respectfully submits this pleading in anticipation of the November 2, 2006 plea hearing. The Court requested briefing on two legal issues prior to tomorrow's hearing. Defense counsel's research on each issue is set forth below.

**1.    Distribution**

The first issue is whether an individual "possesses with the intent to . . . distribute" cocaine within the meaning of 21 U.S.C. § 841(a)(1) if the individual drives away with the backpack of another, unaware of its contents; becomes aware that the backpack contains cocaine while still in the vehicle; removes the backpack from the vehicle and takes it into his home; and subsequently intends to return the backpack to its original owner.

As the Court is aware, the standard jury instructions for the District of Columbia define "distribute" as follows:

> "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

In <u>United States v. James</u>, 555 F.2d 992 (D.C. Cir. 1977), the Circuit held that the essential elements of possession of a controlled substance with intent to distribute were (a) the knowing, (b) possession of a controlled substance, with (c) the intent to distribute same.

In <u>United States v. Pardo</u>, 636 F.2d 535 (D.C. Cir. 1980, the Circuit held that while mere proximity to drugs seized is not sufficient to establish guilt, if there was some action, some word, or some conduct that links the individual to the narcotics and indicates that he had some stake in them <u>or some power over them</u>, there was sufficient evidence to sustain a conviction for possession with intent to distribute the narcotics.  <u>See also</u> <u>United States v. Davis</u>, 562 F.2d 681 (D.C. Cir. 1977) (Offense of possession of drugs with intent to distribute is based on possession, not ownership).

And finally, in <u>United States v. Staten</u>, 581 F.2d 878 (D.C. Cir.1978), the Circuit held that to sustain a conviction for possession with intent to distribute narcotics, <u>an intent to distribute the narcotics personally is unnecessary</u> as long as distribution by someone is the end purpose of the possession.

**2.     924(c).**

The question here is whether an individual who possess a loaded 9mm handgun under a mattress approximately 20 feet from a backpack containing narcotics and would use the firearm to defend, <u>inter alia</u>, the contents of his home, which includes the contents of the backpack and approximately $46,000 in cash (some of which was drug proceeds), has committed a violation of 18 U.S.C. § 924(c).

The leading case on this issue in this Circuit is <u>United States v. Wahl</u>, 290 F.3d 370 (D.C.

Cir. 2002).  In <u>Wahl</u>, the Circuit held that the relevant factors under the 924(c) analysis include

> the type of drug activity conducted; accessibility of the firearm; whether the firearm is stolen; whether the possession of the firearm is legal or illegal; whether the firearm is loaded; the proximity of the firearm to the drugs or drug profits; and the time and circumstances under which the firearm is found.

<u>Id.</u> at 376 (citing <u>United States v. Ceballos-Torres</u>, 218 F.3d 409, 414 (5th Cir. 2000)).  In <u>Wahl</u>, the Circuit found that the evidence was sufficient to sustain a conviction under 924(c) where the gun (a 9mm handgun) was loaded; it was found in close proximity to 5.6 grams of cocaine base and a small amount of cash; the defendant was found to be in possession of 47 bags of cocaine; another person was found in the bathroom with one bag of cocaine; and the defendant possessed the gun illegally.  These facts, taken together, "could lead a reasonable jury to infer that the firearm recovered from Wahl's apartment provided a defense or deterrent in furtherance of the drug trafficking for which Wahl was arrested."  <u>Id.</u>

**WHEREFORE**, Mr. Kelly submits this pleading in anticipation of the plea hearing scheduled for November 2, 2006.

                                                            Respectfully submitted,

                                                            _____/s/_____
                                                            Jonathan S. Jeffress
                                                            Assistant Federal Public Defender
                                                            625 Indiana Avenue, N.W.
                                                            Suite 550
                                                            Washington, D.C.  20001
                                                            (202) 208-7500