```
                                           ___FILED      ___ENTERED
                                           ___LODGED     ___RECEIVED
        IN THE UNITED STATES DISTRICT COURT FOR THE
                                                    MAR 29 1995
                  DISTRICT OF MARYLAND
                                                   AT GREENBELT
                                                 CLERK U.S. DISTRICT COURT
                                                  DISTRICT OF MARYLAND
                                              BY
                                                                   DEPUTY
UNITED STATES OF AMERICA,
          Plaintiff              )
                                 )
          v.                     )   CIVIL ACTION NO.
                                 )
$133,536 IN UNITED STATES CURRENCY,  )
          Defendant
```

## DECLARATION

I, D. Michael Lucia, hereby make the following statements:

1. I have been a Maryland State certified Police Officer for over nine (9) years, and have been employed with the Prince George's County Police Department for over six (6) years. Since August 1990, I have been assigned to the Narcotics Enforcement Division of the Prince George's County Police Department, and have been assigned to the Drug Enforcement Administration, MATF #34/36 since August 1992.

2. In my current assignment as a Task Force Officer with the Drug Enforcement Administration, I am deputized as a Federal Agent.

3. I have attended and completed an eighty (80) hour course of instruction in Narcotic and Dangerous Drug Law Enforcement conducted by the United States Department of Justice, Drug Enforcement Administration. During this course of instruction, I received instruction in the various identities and compositions of controlled dangerous substances; use of informants; effects of narcotics; search and seizure warrants; surveillance techniques; methods of importation; and methods of concealment, distribution and the methods of administration of controlled dangerous substances to include marijuana, phencyclidine (PCP), heroin and cocaine. I also have furthered my training and knowledge in financial investigative techniques, document search warrants and money laundering by attending classes sponsored by the Department of the Treasury, Internal Revenue Service.



4. As a narcotics investigator, I have been responsible for conducting investigations of persons involved in violations of the controlled dangerous substance laws, which routinely involve investigations leading to asset seizures and the forfeiture of assets obtained and utilized in an illegal manner. I have participated in the locating, identifying, seizing and forfeiting of assets as they relate to illegal narcotics violations. I have been the affiant on numerous narcotics-related search and seizure warrants and have participated in over 300 investigations involving violations of federal and Maryland State controlled dangerous substance laws.

5. On May 2, 1994, I was involved in the seizure of $133,536 in United States currency from Carl Russell MORRIS and Stephanie Elizabeth KELLOGG. This seizure was directly linked to a drug trafficking organization headed by Edward Kenneth KELLY, also known as "FAT KENNY" and "KENNY," under investigation by the Drug Enforcement Administration. Probable cause exists to believe that the $133,536 in United States currency seized from Carl MORRIS, acting as a courier for Edward Kenneth KELLY, represents illegal drug trafficking proceeds and payment to Freddy LASSO, the head of a Queens, New York based Colombian cocaine distribution organization.

6. During the month of April 1994, I was contacted by members of the New York Drug Enforcement Task Force (hereinafter NY DETF). At that time, I was advised that the NY DETF was currently conducting a New York State Court-ordered telephonic wire and electronic communication intercept pursuant to the investigation of a Colombian cocaine distribution organization based out of Queens, New York, operated by Freddy LASSO.

7. During the course of the investigation, members of the NY DETF identified Edward Kenneth KELLY as a person who is supplied multi-kilogram quantities of cocaine by Freddy LASSO, also known as "JERRY." Through the investigation involving Freddy LASSO, NY DETF established that LASSO was utilizing his cellular, home and business telephones to contact Edward Kenneth KELLY at various Washington D.C. area telephone and pager numbers in reference to the purchase, delivery, and payment for kilogram quantities of cocaine.

8. During the months of April 1994 to the present, I was contacted by a confidential informant (hereinafter CI #1). Your affiant knows CI #1 to be reliable as CI #1 has provided information to me that has resulted in the arrest and conviction of an individual and the seizure of 1 and 1/2 kilograms of cocaine, $32,000 in United States currency and a handgun. CI #1 has not provided any information which has proven to be false.

9. CI #1 informed me that an individual known as "KENNY" or "FAT KENNY" is currently involved in the illegal distribution of controlled dangerous substances, specifically cocaine, throughout the Washington metropolitan area, particularly Prince George's County, Maryland.

10. In June 1994, Special Agent William Dionne and Task Force Officer John Malinowski debriefed a reliable confidential informant, (herein referred to as CI #2), relative to the controlled dangerous substance trafficking activities of Edward Kenneth KELLY. Special Agent Dionne knows the confidential informant to be reliable as CI #2 has provided information to agents of the Drug Enforcement Administration which has resulted in the arrest of six (6) individuals and the seizure of $30,000 in United States currency. CI #2 has not provided any information which has proven to be false.

11. CI #2's information is based upon personal observations and conversations with one or more of KELLY's associates. According to CI #2, KELLY resided in the Washington metropolitan area approximately four years ago and was known by the nickname of "FAT KENNY." CI #2 stated that KELLY was involved with an entertainment business known to CI #2 as BANKROLL PRODUCTIONS.

12. CI #2 further stated that KELLY was a major controlled dangerous substances trafficker involved with the purchase and distribution of multiple kilograms of cocaine. CI #2 further related that KELLY'S source of supply was a Colombian individual known to CI #2 as "JERRY," who resided in New York. CI #2 stated that CI #2 had personally met "JERRY" at Lewisburg, Pennsylvania, FCI sometime during the late 1980s when "JERRY" was visiting an inmate known to CI #2 as Carlos FERNANDEZ, a hispanic male, approximately 41 years of age. CI #2 stated that FERNANDEZ was still incarcerated at the Federal Correctional Institution in Lewisburg, Pennsylvania.



13. CI #2 described "JERRY" as a hispanic male, approximately 5'7" tall, 155 pounds, short hair, late 20's to early 30's in age who resided in New York. Based on this description and other information received in this investigation, I believe that "JERRY" is the same person as Freddy LASSO. Furthermore, based on information developed during this investigation, it is known that LASSO frequently uses the name "JERRY" when conducting his controlled dangerous trafficking activities.

14. CI #2 further related that CI #2 knew KELLY to carry a weapon and to have a propensity for violence. CI #2 also stated that KELLY would employ females to pick up controlled dangerous substances from New York and transport known quantities to the metropolitan Washington D.C. area and that KELLY would receive multiple kilograms of cocaine on consignment from New York.

15. On or about April 21, 1994, LASSO sent one of his co-conspirators, Omar GONZALEZ, also known as PELUSA, or PELU, to Washington, D.C., in order to meet with KELLY for the purpose of facilitating the delivery of a vehicle containing a shipment of cocaine, which one of LASSO'S associates had previously driven to the Washington metropolitan area. Edward Kenneth KELLY was to send one of his couriers to New York to bring the payment for the cocaine shipment.

16. On May 2, 1994, I was contacted by members of the NY DETF and advised that KELLY would be sending a courier to New York via AMTRAK train for the purpose of taking a large quantity of currency to LASSO as payment for a quantity of cocaine. Members of the NY DETF requested that officers follow the courier to New York where it was intended that the courier would be interdicted by New York agents along with AMTRAK security.

17. On May 2, 1994, at approximately 6:35 PM, I observed Edward KELLY arrive at the New Carrollton Metro Station, and park at the passenger drop off area. KELLY was operating his 1994 Toyota Camry, MD registration AFX-581. There, two back seat passengers, later identified as Carl Russell MORRIS and Stephanie Elizabeth KELLOGG, exited the vehicle and entered the AMTRAK terminal. MORRIS was observed exiting KELLY's vehicle and entering the train station carrying a black gym bag. MORRIS and KELLOGG purchased two (2) one way tickets to New York. While on the train platform, with their one-way tickets to New York,



MORRIS and KELLOGG were approached and interviewed by a Maryland State Police Trooper.

18. MORRIS and KELLOGG were subsequently intercepted on the train platform at the New Carrollton AMTRAK train terminal, and the bag, which contained $133,536 in United States currency, was seized. Your Affiant knows that KELLOGG and MORRIS were to deliver this money to Freddy LASSO in New York as directed by Edward KELLY, based on telephone conversations intercepted by the NY DETF between KELLY and LASSO. MORRIS also had a document in his possession with pager number (917) 982-3355 and the name "JERRY." New York DETF has previously identified this pager number as being used by Freddy LASSO.

19. Pursuant to Maryland State Court Order, search and seizure warrants of certain locations were executed on October 12, 1994. A brief description of property seized from each address is included as well as defendants associated with each location.

20. Edward KELLY
    14407 Dolbrook Lane, Mitchellville, Maryland

<u>Search Warrant executed on residence on 10/12/94 and recovery of evidence as follows:</u>

Sig Sauer P228 9mm semi-automatic handgun (w/KELLY at time of arrest)
Approx. $20,000 in US currency (w/KELLY at time of arrest)
Approx. $22,000 in US currency seized from KELLY's bank accounts
Glock 17 9mm semi-automatic handgun
Fratelli .41 caliber handgun
Ted Williams model 300 12 gauge shotgun
Beretta model 21 .22 caliber handgun

21. Mortgage application records show that Edward KELLY purchased his residence located at 14407 Dolbrook Lane, Mitchellville, Maryland in February 1994 for $208,000.00. With the mortgage application, KELLY provided copies of his 1992 and 1993 W-2 Wage and Tax Statement, which indicate that KELLY is employed by BANKROLL PRODUCTIONS (6108 Old Silver Hill Road, #215, District Heights, Maryland), and FALCON SECURITY CORPORATION, (9200 Basil Court, #210 Landover, Maryland).

22. 1992 W-2 Wage and Tax Statements provided with his mortgage application by KELLY indicate that KELLY earned $23,987.53 from BANKROLL PRODUCTIONS during the tax year. The Statement also indicates that $3,598.13 was withheld as Federal income tax, $1,679.13 was withheld as Maryland State income tax and $1,487.23 was withheld as social security



tax.

23. 1993 W-2 Wage and Tax Statements provided with his mortgage application by KELLY indicate that KELLY earned $24,286.90 from BANKROLL PRODUCTIONS during the tax year. The Statement also indicates that $3,543.04 was withheld as Federal income tax, $1,700.08 was withheld as Maryland State income tax, and $1,505.79 was withheld as social security tax.

24. 1992 W-2 Wage and Tax Statements provided with his mortgage application by KELLY indicate that KELLY earned $47,323.28 from FALCON SECURITY CORPORATION during the tax year. The Statement also indicates that $7,271.72 was withheld as Federal income tax, $3,985.86 was withheld as Maryland State income tax and $2,934.04 was withheld as social security tax.

25. 1993 W-2 Wage and Tax Statements provided with his mortgage application by KELLY indicate that KELLY earned $51,224.53 from FALCON SECURITY CORPORATION during the tax year. The Statement also indicates that $7,895.92 was withheld as Federal income tax, $4,197.96 was withheld as Maryland State income tax, and $3,175.92 was withheld as social security tax.

26. A copy of KELLY's 1992 Maryland Tax Return filed with the Maryland State Comptroller of the Treasury indicate that KELLY claimed only $6,313.00 income for that year. The Custodian of Records for the State of Maryland Comptroller of the Treasury further indicates that they are unable to identify any record of KELLY filing for tax years 1991 and 1993.

27. The Custodian of Records for the State of Maryland Comptroller of the Treasury also indicates that they are unable to identify any record of a Maryland Corporation Income Tax Return having been filed by FALCON SECURITY CORPORATION for tax years 1991, 1992 and 1993. Additionally, they are unable to identify any record of a Maryland Income Tax Return having been filed by Regeneld Donnell MINER, (President of FALCON SECURITY CORPORATION), for tax years 1991, 1992 and 1993.