IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 06-153 (RWR) |
| EDWARD KENNETH KELLY, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT EDWARD K. KELLY'S MOTION
TO CONVERT SENTENCING HEARING INTO STATUS DATE**

Mr. Edward K. Kelly, the defendant, through undersigned counsel, respectfully submits this motion to convert the sentencing scheduled for January 23, 2007 at 9:30 a.m. into a status conference.

In support of this Motion, defense counsel respectfully submits as follows:

1. Mr. Kelly is charged by a three-count indictment with: (1) unlawful possession of a firearm and ammunition by a person convicted of an offense punishable by imprisonment for a term exceeding one year; (2) possession with intent to distribute cocaine; and (3) using, carrying and possessing a firearm during a drug trafficking offense.

2. On October 31, 2006 and November 2, 2006, at two separate hearings, Mr. Kelly entered a plea of guilty to counts 1 and 2 of the Indictment.

3. Between November 2, 2006 and a recent date, undersigned counsel has learned that certain advice he provided to Mr. Kelly was arguably inconsistent with a provision of the plea agreement. Specifically, the advice was arguably inconsistent with a sentence in paragraph 10 of the Plea Agreement, which states that "neither party will seek a sentence outside of the applicable Guidelines range or suggest that the Court consider a sentence outside of the

applicable Guidelines range respect with respect to [one issue]." Plea Agreement, ¶ 10.  This provision was never expressly discussed among counsel or with Mr. Kelly.  Indeed, undersigned counsel made a number of statements to the Court which strongly suggested he would be seeking a below-Guidelines sentence on behalf of Mr. Kelly, given the government's highly unusual–and, respectfully, unwarranted–plea offer in this case.  See, e.g.,10/31/06 Tr. at 4 (attached as Exhibit A) ("this is a very unusual plea deal . . . which is a 924(c) and [so] five years of mandatory time plus a drug count.  And it's a very unusual plea in that respect.  But after discussing with Mr. Kelly, we feel these are ultimately sentencing issues that we will raise with the court prior to the time of sentencing." (emphasis added)).

    4.    Counsel does not feel he can go forward with sentencing consistent with his professional obligations without first making a record on the arguably inaccurate advice.  Furthermore, if undersigned counsel's advice was inaccurate, Mr. Kelly should be given the opportunity to consult with another attorney about his legal options at this juncture.  This Motion is brought solely on the recommendation of undersigned counsel, after consulting with Mr. Kelly.  This Motion in no way reflects a determination by Mr. Kelly not to accept responsibility for the offenses, as he did at the plea hearings.

WHEREFORE, undersigned counsel respectfully requests that the Court convert the January 23, 2007 sentencing hearing into a status conference.

>Respectfully submitted,
>
>_____/s/_____
>Jonathan S. Jeffress
>Counsel for Edward Kenneth Kelly
>625 Indiana Avenue, N.W.
>Suite 550
>Washington, D.C. 20004
>(202) 208-7500, ex. 134

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Crim. No. 06-153 (RWR) |
| **EDWARD KENNETH KELLY,** | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Upon consideration of the defendant's Motion to Convert January 23, 2007 Sentencing Hearing Into A Status Date, and for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED**; it is further

**ORDERED** that the January 23, 2007 sentencing hearing is now converted into a status conference.

**SO ORDERED.**

_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

DATE:

Copies to:
Jonathan S. Jeffress, AFPD
Perham Gorgi, AUSA