UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
UNITED STATES OF AMERICA       )
                              )
        v.                     ) Criminal Action No. 06-153 (RWR)
                              )
EDWARD KELLY, JR.,             )
                              )
        Defendant.            )
_____)

<u>MEMORANDUM OPINION</u>

Defendant Edward Kelly, Jr. pled guilty in 2006 under a plea
agreement to one count of unlawful possession with the intent to
distribute cocaine, <u>see</u> 21 U.S.C. § 841(a), (b)(1)(C), and one
count of using, carrying, and possessing a firearm during a drug-
trafficking offense, <u>see</u> 18 U.S.C. § 924(c)(1).  He now moves
under 28 U.S.C. § 2255 to vacate his sentence, arguing that the
government was collaterally estopped from prosecuting him for
these offenses in the District of Columbia ("D.C.") since, in
earlier proceedings in the District of Maryland, he was acquitted
of similar drug and gun charges.  Kelly also asserts an
ineffective assistance of counsel claim challenging the failure
of the attorney representing him in the district court[1] to
research and raise the collateral estoppel defense.  The
government opposes the motion on the ground that Kelly's claims

_____

[1] Kelly notes that his appellate counsel did not know to
raise the collateral estoppel issue on direct appeal (Def.'s Mot.
at 6), but Kelly's motion and supporting memorandum complain of
ineffective assistance of only his counsel in the district court
(<u>id.</u> at 5; Def.'s Mem. at 6, 14-20).

- 2 -

are meritless.  Because Kelly's claims are unsubstantiated, the
motion will be denied.[2]

<u>BACKGROUND</u>

The D.C. Circuit opinion affirming Kelly's conviction
describes the facts relevant here.  <u>United States v. Kelly</u>, 552
F.3d 824, 827-29 (D.C. Cir. 2009).  "[T]he FBI began intercepting
and recording Kelly's telephone conversations" in June of 2004
and, in September of that year, "obtained[] warrants to search
Kelly's vehicle and his girlfriend's apartment [in] D.C."  <u>Id.</u> at
827.  Agents executing the warrant at the apartment on
September 2, 2004 "discovered . . . a backpack containing two
plastic bags that held 497.1 grams of cocaine hydrochloride and
. . . a loaded Glock 9-millimeter handgun."  <u>Id.</u>

Kelly was indicted in federal court in Maryland but
acquitted of "(1) conspiracy to distribute and possess with
intent to distribute cocaine and cocaine base between November
2000 and December 2004 in the District of Maryland, the District
of Columbia and elsewhere . . . ; (2) using a communication
facility in furtherance of a narcotics conspiracy . . . ; and (3)
using and possessing a firearm in furtherance of conspiracy to
distribute and possess with intent to distribute cocaine and

---

[2] The government also argues that Kelly's ineffective
assistance claim is procedurally barred since he raised the
argument on direct appeal.  Whether Kelly's argument is new or
merely re-frames the argument he made on direct appeal need not
be decided since it nevertheless lacks merit.

- 3 -

cocaine base on September 2, 2004 *in the District of Maryland*[.]"
Id. at 829 & n.3 (emphasis added).  Later, a federal grand jury
in D.C. handed down a 3-count indictment against Kelly.  He pled
guilty to Count One which charged unlawful possession in D.C. of
cocaine on September 2, 2004 with the intent to distribute it,
and to Count Three which charged using, carrying and possessing a
firearm in D.C. on September 2, 2004 during the drug trafficking
offense charged in Count One.  Id. at 827.

At Kelly's plea hearing, "Kelly alerted the [court] to the
fact that he had been charged with another section 924(c)
violation in Maryland and that he believed it was the same
section 924(c) violation as the one to which he was then pleading
guilty."  Id. at 828.  This court concluded that "there may not
be a double jeopardy problem" because "the predicate crime for
each section 924(c) count was different."  Id. at 829 (citation
omitted).  After Kelly's counsel agreed, Kelly "advised the court
that he was ready to plead guilty . . . 'voluntarily and of his
own free will.'"  Id.  Kelly's guilty plea was accepted, and he
was sentenced to consecutive terms of 50 and 60 months'
imprisonment on the drug and gun counts, respectively.  Id.

While the D.C. Circuit affirmed Kelly's conviction on direct
appeal, Kelly now attacks his sentence collaterally under § 2255.
He argues that the principle of collateral estoppel barred his
prosecution in D.C., and that he received ineffective assistance

- 4 -

of counsel because his attorney failed to file a pretrial motion
asserting collateral estoppel and did not move for a continuance
of the plea hearing in order to prepare such a motion.  (<u>See,</u>
<u>e.g.,</u> Def.'s Mem. at 6, 15-17.)

<u>DISCUSSION</u>

"A prisoner in custody . . . claiming the right to be
released" may move under § 2255 to "vacate, set aside or correct"
his sentence if it was "imposed in violation of the Constitution
or laws of the United States, . . . the court was without
jurisdiction to impose such sentence, or . . . the sentence . . .
is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255.
However, since "[r]elief under § 2255 is an extraordinary
remedy[,] . . . 'a prisoner must clear a significantly higher
hurdle than would exist on direct appeal.'"  <u>United States v.</u>
<u>Zakas</u>, 793 F. Supp. 2d 77, 80 (D.D.C. 2011) (quoting <u>United</u>
<u>States v. Frady</u>, 456 U.S. 152, 166 (1982)).  Specifically, he
"must show 'a fundamental defect, which inherently results in a
complete miscarriage of justice' or 'an omission inconsistent
with the rudimentary demands of fair procedure.'"[3]

---

[3] In her concurrence in <u>Kelly</u>, 552 F.3d at 836, Judge
Rogers noted that the defendant had not raised a collateral
estoppel claim on direct appeal.  "[I]f a petitioner procedurally
defaults on any . . . claim by failing to raise it on direct
review, the claim may be raised in *habeas* only if the defendant
can first demonstrate either cause and actual prejudice or that
he is actually innocent."  <u>United States v. Thomas</u>, 772 F. Supp.
2d 164, 167 (D.D.C. 2011) (emphasis in original) (internal
quotation marks omitted) (citing <u>Bousley v. United States</u>, 523

Hoover-Hankerson v. United States, 792 F. Supp. 2d 76, 81 (D.D.C. 2011) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)) (additional citation omitted).  "The defendant bears the burden of proving his claims by a preponderance of the evidence." Zakas, 793 F. Supp. 2d at 80 (citing United States v. Simpson, 475 F.2d 934, 935 (D.C. Cir. 1973)).

I.   COLLATERAL ESTOPPEL

Kelly's § 2255 motion asserts that the government was collaterally estopped[4] from prosecuting him for using, carrying and possessing a firearm during a drug trafficking offense in D.C., and for possessing with the intent to distribute cocaine, since he earlier was acquitted of conspiracy to possess with intent to distribute cocaine and possession of a firearm during a drug trafficking offense in the District of Maryland.  (Def.'s Mem. at 6-7.)  However, "there is no collateral estoppel if a different ground 'could' have been a rational basis for acquittal[.]'"  United States v. Coughlin, 610 F.3d 89, 97 (D.C. Cir. 2010) (quoting Ashe v. Swenson, 397 U.S. 436, 444 (1970)).

---

U.S. 614, 622 (1998).  Here, Kelly makes no claim of actual innocence, and even if he had made an adequate showing of cause and actual prejudice, his collateral estoppel claim lacks merit and would fail.

[4] "'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice.  It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  Ashe v. Swenson, 397 U.S. 436, 443 (1970).

- 6 -

Kelly argues that the Maryland jury found "reasonable doubt that [he] was aware" that he possessed the drugs in the backpack and that in this case the government would have had to prove beyond a reasonable doubt that he was aware that he possessed those same drugs.  (Def.'s Mem. at 12.)

However, the Maryland jury could have grounded its not-guilty verdicts on an issue other than Kelly's knowledge of his possession of the drugs.  See, e.g., Schiro v. Farley, 510 U.S. 222, 233 (1994) (noting that there can be any number of possible explanations for a jury's verdict); see also Coughlin, 610 F.3d at 96 (stating that a court's "analysis of what the jury decided should be conducted with realism and rationality. . . .  [W]e will not presume that the jury acquitted on the ground most favorable to the defendant").  The Maryland indictment on which Kelly was acquitted "was predicated on more than Kelly's [possession with the intent to distribute cocaine] in the District on September 2, 2004[.]"  Kelly, 552 F.3d at 830 n.5. It also charged conspiracy and required the jury to find that Kelly had intentionally conspired with at least one other person before it could convict on either the conspiracy or the 924(c) count.  The Maryland indictment also charged Kelly's possession of the firearm in Maryland, not in D.C., and "in furtherance of [a] predicate offense[] that [was] separate in time, place, and

- 7 -

scope" from that of the predicate offense identified in the firearm count in the D.C. indictment.  Id. at 836.

Kelly has not "demonstrate[d] that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." United States v. Coughlin, 821 F. Supp. 2d 8, 17 (D.D.C. 2011) (internal quotation marks and citation omitted); see also Dowling v. United States, 493 U.S. 342, 350 (1990) ("The Courts of Appeals have unanimously placed the burden [of making this showing] on the defendant[.]").  He merely alleges, without substantiation, that "the lone dispute at trial was whether [he] was aware of" the drugs in his possession. (Def.'s Mem. at 8.)  As the differences in the two predicate offenses underlying the 924(c) charges reveal, "'a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" United States v. Crooks, 804 F.2d 1441, 1446 (9th Cir. 1986) (quoting United States v. Webbe, 755 F.2d 1387, 1388 (9th Cir. 1985)).  (See also Govt.'s Opp'n to Def.'s Mot. Under § 2255 at 14.)

Accordingly, Kelly's collateral estoppel claim fails.

II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Criminal defendants are entitled not only to counsel, but to effective assistance of counsel.  Strickland v. Washington, 466 U.S. at 668, 686 (1984).  "An ineffective assistance of counsel

claim requires proof '(1) that counsel's representation fell
below an objective standard of reasonableness, and (2) that there
is a reasonable probability that, but for counsel's errors, the
result of the proceedings would have been different.'"
Hoover-Hankerson, 792 F. Supp. 2d at 81 (citing Strickland, 466
U.S. at 687–88).  "'Judicial scrutiny of counsel's performance
must be highly deferential' because '[i]t is all too tempting for
a defendant to second-guess counsel's assistance after conviction
or adverse sentence, and it is all too easy for a court,
examining counsel's defense after it has proved unsuccessful, to
conclude that a particular act or omission of counsel was
unreasonable.'"  Id. at 81-82 (quoting Strickland, 466 U.S. at
689).  The defendant "must overcome the presumption that, under
the circumstances, the challenged action 'might be considered
sound trial strategy.'"  Id. at 82 (citation omitted).  He
therefore "'must identify the act or omissions of counsel that
are alleged not to have been the result of reasonable
professional judgment'" and a "'court must then determine
whether, in light of all the circumstances, the identified acts
or omissions were outside the wide range of professionally
competent assistance.'"  Id. (quoting Strickland, 466 U.S. at
690).  The defendant also "must show that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different.  A reasonable

- 9 -

probability is a probability sufficient to undermine confidence
in the outcome." Id. (internal quotation marks and citation
omitted).

Kelly argues that he received ineffective assistance of
counsel because his counsel neither researched nor raised the
collateral estoppel argument.  (Def.'s Mem. at 15-17.)  However,
his counsel clearly considered the issue.  Kelly concedes that
his counsel informed him in 2006 that "collateral estoppel and
double jeopardy did not apply to his case" (id. at 20), and his
counsel stated during the plea hearing in regard to the double
jeopardy[5] issue that "even though it's the same gun, it's a
different drug trafficking offense[,]" Kelly, 552 F.3d at 829.
The disposition of his collateral estoppel claim above and the
D.C. Circuit's rejection of Kelly's double jeopardy claim in his
direct appeal reflect that the claims lack merit.  A defense
counsel is not obligated to raise a meritless defense.  See id.
at 831.  Further, on appeal, the D.C. Circuit found that Kelly's
"counsel's conduct 'was within the range of competence demanded
of attorneys in criminal cases.'"  Id. (quoting Hill v. Lockhart,
474 U.S. 52, 56 (1985)).  Because Kelly's counsel's
representation did not fall below an objective standard of
reasonableness, Kelly's claim for ineffective assistance fails.

_____

[5]  The Double Jeopardy Clause bars any person "subject for
the same offence to be twice put in jeopardy of life or limb."
U.S. Const. Am. 5.

- 10 -

<u>CONCLUSION</u>

Kelly has shown neither that the government was collaterally estopped from prosecuting this case nor that his counsel rendered ineffective assistance.  His § 2255 motion will be denied.  A final Order accompanies this Memorandum Opinion.

SIGNED this 7th day of June, 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge